[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DEFENDANT'S MOTION FOR ARTICULATION (#163)
 RE: Motion in Limine to Preclude Apportionment Claim by Defendant.Nationwide Insurance FACTS
The plaintiffs, Sidney and Janet McKenzie (McKenzie) have filed a motion in limine seeking to preclude an apportionment claim by the defendant, Nationwide Insurance Company, Inc. (Nationwide). The court hereinafter sets forth its reasons for granting the plaintiffs' motion to preclude apportionment.
This matter arises out of injuries suffered by the plaintiff, Sidney McKenzie, during a motor vehicle collision which occurred on March 31, 1995. On February 24, 1997, the plaintiffs filed suit against the two other vehicles involved in the accident, William Smith, who was driving his own vehicle, and Huguette Arton, who was driving a vehicle owned by Dattco, Incorporated. All of the plaintiffs' claims are in negligence.
On July 14, 1997, the court granted the plaintiffs' motion to cite in Nationwide as an additional defendant to allow the plaintiffs' to proceed on a claim against an uninsured[1] motorist policy they had purchased CT Page 7997 from Nationwide. The counts against Smith, Arton and Dattco will be considered to have been withdrawn for purposes of this motion. Accordingly, Nationwide remains the only defendant in this action.
On February 1, 2001, the plaintiffs filed a motion in limine to preclude Nationwide from claiming apportionment during the trial. In response, Nationwide filed an objection to the plaintiffs' motion.
 DISCUSSION
Practice Book § 15-3 provides: "The judicial authority to whom a case has been assigned for trial may in its discretion entertain a motion in limine made by any party regarding the admission or exclusion of anticipated evidence. . . . Such motion shall be in writing and shall describe the anticipated evidence and the prejudice which may result therefrom. All interested parties shall be afforded an opportunity to be heard regarding the motion and the relief requested. The judicial authority may grant the relief sought in the motion or such other relief as it may deem appropriate, may deny the motion with or without prejudice to its later renewal, or may reserve decision thereon until a later time in the proceeding." When ruling on the admissibility of evidence, the trial court has broad discretion. Gaudio v. Griffin Health ServicesCorp., 249 Conn. 523, 547, 733 A.2d 197 (1999).
In their motion in limine, the plaintiffs argue that when a party files a complaint against an insurance company to collect benefits provided through an uninsured motorist provision in their automobile insurance policy, the party seeks to recover based on their contract with the insurance carrier. Therefore, the plaintiffs argue that because the apportionment statute, General Statutes § 52-572h,[2] applies only to claims which arise out of negligence, Nationwide may not seek apportionment of the plaintiffs' contractual claim.
In Nationwide's objection to the motion in limine, it argues that a claim to recover pursuant to uninsured motorist protection is unique because while it is based upon a contract between an insurer and the insured, the measure of recovery is governed by the amount of damages caused by the underinsured motorist. Nationwide argues that its only obligation to pay the plaintiffs arises out of the negligence of an underinsured motorist. Nationwide, therefore, argues that the plaintiffs' claim to recover under the uninsured motorist provisions of the policy is subject to apportionment under General Statutes § 52-572h.
Alternatively, Nationwide argues that because the plaintiffs have chosen to file suit against all of the tortfeasors and cite in Nationwide as an additional defendant, those decisions of the Superior Court which CT Page 7998 hold that an uninsured motorist protection provider may not file an apportionment complaint against the actual tortfeasors, does not apply because all of the defendants are in one action at the plaintiffs request. Therefore, Nationwide argues that it should be allowed to seek apportionment.
In Allard v. Liberty Oil Equipment Co., 253 Conn. 787, 801, 756 A.2d 237
(2000), our Supreme Court held that: "the apportionment principles of § 52-572h do not apply where the purported apportionment complaint rests on any basis other than negligence. . . ." (Internal quotation marks omitted.) Therefore, if the plaintiffs' claim against Nationwide arises out of a contractual relationship, Nationwide is prohibited from seeking apportionment under General Statutes § 52-572.
Our Appellate Courts have not addressed the issue of whether an insurance company may seek apportionment of a claim made by a policyholder for uninsured motorist protection. All of the Superior Court cases that have addressed this issue, however, have concluded that because uninsured motorist benefits are essentially contractual in nature, they are not the proper subject of apportionment. Ferellec v.Government Employees Insurance Company, Superior Court, judicial district of New Haven, Docket No. 424611 (March 9, 2000, Thompson, J.); Hirth v.Hartford Insurance Company, Superior Court, judicial district of Hartford at Hartford, Docket No. 0584227 (Sept. 17, 1999, Booth, J.); Collins v.Sardinas, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 0330519 (March 25, 1999, Melville, J.) (24 Conn.L.Rptr. 311);Wasserman v. Hartford Casualty Insurance, Superior Court, judicial district of Hartford at Hartford, Docket No. 574953 (October 14, 1998,Fineberg, J.) (23 Conn.L.Rptr. 290); Kramer v. Travelers IndemnityCompany, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 0567172 (September 25, 1997, Wagner, J.) (20 Conn.L.Rptr. 416); Henry v. Allstate Insurance Co., Superior Court, judicial district of Waterbury, Docket No. 134412 (January 7, 1997, Shortall, J.) (21 Conn.L.Rptr. 113).
Following the decisions in these cases, this court finds that the plaintiffs' right to recover from their uninsured motorist policy is essentially contractual in nature. (See also Dodd v. Middesex MutualAssurance Company, 242 Conn. 375 (1984).) While the court recognizes that Nationwide may be liable to the plaintiffs solely because of an uniderinsured tortfeasor's negligence, the legislature has determined that every insurer who offers automobile insurance must enter into a policy with the insured providing "uninsured and underinsured motorist coverage, in accordance with the regulations adopted pursuant to section38a-334 . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured CT Page 7999 motor vehicles and underinsured motor vehicles. . . ." General Statutes § 38a-336(a)(1). This statute indicates a legislative intent that plaintiffs, who are injured by underinsured motorist, shall be allowed to recover for their injuries from their own insurance policy. The statute mandates that this form of recovery shall be included in the contract between the insurance carrier and the insured. Recovery under uninsured motorist coverage is, therefore, contractual in nature, in the absence of other countervailing principles.
Nationwide's argument that it should be allowed to seek apportionment because the plaintiffs filed suit against both tortfeasors and Nationwide in the same action is equally unavailing. The only reason that Nationwide is a defendant in this action is because one of the tortfeasors might be underinsured and it is required to pay under its contract with the plaintiffs in such a situation. See General Statutes § 38a-366. Additionally, the court notes, Nationwide should not be able to seek apportionment of this claim simply because of the manner in which the plaintiff choose to file this action. See Haynes v. Yale-New HavenHospital, 243 Conn. 17, 699 A.2d 964 (1997). The plaintiffs' in the present action are seeking to recover, in one action, damages compensating them for the fall amount of their damages. Nationwide will be liable, if at all, purely because General Statutes § 38a-366 required that they contract with the plaintiffs to provide insurance benefits which operate to protect the plaintiffs in the event they were involved in an accident with an uninsured or underinsured motorist, such as has occurred here.
As this court has determined that Nationwide's obligation to pay the plaintiff's claim for underinsured motorist benefits is contractual in nature and contract claims are not subject to apportionment under General Statutes § 52-572h, the court grants the plaintiffs motion in limine to preclude Nationwide from claiming apportionment in this action.
Robaina, J.